IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JUDITH CLIETT, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 5:13-CV-433-MSH |
| | : | Social Security Appeal |
| CAROLYN COLVIN, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |

**ORDER**

    This case illustrates the familiar adage that sometimes the left hand does not know what the right hand is doing.  The hands at issue here are those of the Commissioner of Social Security.  By adoption of the Administrative Law Judge's (ALJ's) determination, the Commissioner denied Plaintiff's first application for disability benefits, finding that she was not disabled within the meaning of the Social Security Act and Regulations from June 30, 2005 through August 7, 2007. [1]  (Tr. 720-32, ECF No. 7.)  Plaintiff contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c).  All administrative remedies have been exhausted.  Both parties filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment

---

[1]  This case comes before the Court with a long and complicated procedural history.  The issue before the Court is whether the Commissioner properly determined that Plaintiff was not disabled during the period from June 30, 2005 to August 7, 2007.  The procedural history that has led the parties to this Court is discussed in the Administrative Proceedings section below.

directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam). "Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F. 3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[2] *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

---

[2] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

The Plaintiff bears the initial burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). The Plaintiff's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).[3] A Plaintiff seeking Social Security disability benefits must demonstrate that he/she suffers from an impairment that prevents him/her from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a Plaintiff must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a Plaintiff is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4). First, the Commissioner determines whether the Plaintiff is working. *Id.* If not, the Commissioner determines whether the Plaintiff has an impairment which prevents the performance of basic work activities. *Id.* Second, the Commissioner determines the severity of the Plaintiff's impairment or combination of impairments. *Id.* Third, the Commissioner determines whether the Plaintiff's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing"). *Id.* Fourth, the Commissioner determines whether the Plaintiff's residual functional capacity can meet the physical and mental demands of past

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

work.  *Id.*  Fifth and finally, the Commissioner determines whether the Plaintiff's residual functional capacity, age, education, and past work experience prevent the performance of any other work.  In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling.  *Id.*  The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal.  *Id.*

### ISSUE

**Whether the ALJ and AC properly considered the opinions of Plaintiff's treating physicians.**

### Administrative Proceedings

Plaintiff filed her first application for disability insurance benefits on July 7, 2005, (Tr. 47) alleging disability as of June 30, 2005 (*id.*).  Plaintiff's application was denied initially and on reconsideration, and Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ").  The ALJ conducted a hearing on July 11, 2007.  (*Id.*)  Following the hearing, the ALJ issued an unfavorable decision on August 7, 2007.  (Tr. 17-22.)  The Appeals Council denied Plaintiff's Request for Review on January 9, 2009.  (Tr. 5-6A.)  Plaintiff ultimately appealed that decision to this Court on March 19, 2009.  *Cliett v. Astrue*, 5:09-cv-111-MSH (M.D. Ga., Mar. 19, 2009).

Prior to filing that appeal, Plaintiff filed a second application for disability benefits on January 29, 2009, alleging August 8, 2007[4] as the disability onset date, and alleging

---

[4]  This date was chosen because the Social Security Administration, by virtue of the ALJ's opinion and AC's then-final denial of review, had found her not disabled through August 7, 2007.

4

disability due to the same impairments as the original application. (Tr. 480.) This application was also denied initially and on reconsideration, but prior to an ALJ hearing requested by Plaintiff, the Commissioner found Plaintiff disabled as of August 8, 2007 and awarded Plaintiff benefits through the determination of an Attorney Advisor on May 11, 2010. (Tr. 450-54.) Plaintiff has therefore been found disabled by the Commissioner based upon the impairments alleged in both applications.

Shortly after the Attorney Advisor found Plaintiff disabled, this Court entered a Final Order on May 25, 2010 remanding Plaintiff's initial application back to the Commissioner because the ALJ failed to clearly articulate good cause for discounting Plaintiff's treating physician, Dr. Jones.[5] (Tr. 429-36.) On remand, after some confusion over the proper administrative steps to take, the Commissioner eventually adopted the ALJ decision covering the period from June 30, 2005 to August 7, 2007 which was issued on February 8, 2013. (Tr. 723-32.) The AC denied Plaintiff's latest request for review on September 17, 2013. (Tr. 710-13.) This suit followed.

## Statement of Facts and Evidence

After consideration of the written evidence and the hearing testimony in this case, the ALJ determined in the latest decision that Plaintiff met the insured status requirement of the Social Security Act through December 31, 2010. (Tr. 726.) She further found that Plaintiff had not engaged in substantial gainful activity as defined by the Act during the period at issue. (*Id.*) The ALJ found that Plaintiff had the severe impairments of cardiomyopathy, hypertension, and thoracic scoliosis. (*Id.*) The ALJ then determined

---

[5]    This is, interestingly, the same argument put forth by Plaintiff in these proceedings.

that Plaintiff had no impairments that met or medically equaled any one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 726.)

After consideration of the entire record, the ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform sedentary work with limited exceptions. (*Id.*) The ALJ concluded that Plaintiff had past relevant work as a Legal Secretary, and was capable of performing that work during the relevant period. (Tr. 732.) The ALJ therefore found that Plaintiff had not been under a disability as defined in the Act from June 30, 2005 through August 7, 2007. (*Id.*)

## DISCUSSION

**Did the ALJ and AC properly consider the opinions of Plaintiff's treating physicians?**

This appeal considered herein asks only whether the Commissioner properly determined that Plaintiff was "not disabled" between June 30, 2005 and August 7, 2007. The Commissioner has already determined that Plaintiff suffers from disabling impairments and has awarded her benefits as of August 8, 2007. Plaintiff argues that the ALJ failed to properly consider the opinion of her treating physician, Dr. Andrew Jones.

Plaintiff is correct. The ALJ erred by summarily disregarding medical source evidence she found to be outside the relevant time frame without good cause. *Boyd v. Heckler,* 704 F.2d 1207, 1211 (11th Cir. 1983). The Commissioner's determination must therefore be remanded. Specifically, the Commissioner must on remand address the 2010 statements of Dr. Jones, given that he has been Plaintiff's primary treating physician since 1999 and treated her throughout the relevant time frame for the same impairments

6

the ALJ found to be severe and the attorney advisor found to be disabling. The Commissioner is also cautioned that the Appeals Council erred as well in its finding that a prior district court remand was pursuant to Sentence Six. (Tr. 417-420). In *Cliett v. Astrue,* 5:09-cv-111 (M.D. Ga., July 27, 2012), the judgment entered at Doc. 20 clearly states that remand is pursuant to Sentence Four of 42 U.S.C. 405(g).

Furthermore, the Commissioner's compounded errors in the treatment of this case warrant further discussion. Plaintiff initially alleged a disability onset date of June 30, 2005. The Commissioner has now on multiple occasions erroneously denied Plaintiff benefits dating back to that date. Due to the flawed ALJ opinion of August 7, 2007 finding Plaintiff not disabled through that date, Plaintiff was required, in order to file her second application for benefits, to allege a subsequent date as the "disability onset date."

Yet, in this appeal the Commissioner urges the Court to find that Plaintiff was properly denied benefits through August 7, while conceding that Plaintiff was disabled on August 8 based on the chronic condition of cardiomyopathy. This is not only illogical, but also goes against the Commissioner's own rules. In Social Security Ruling 83-20, the Commissioner provided guidance to both administrative law judges and attorney advisors in deciding the onset of disability date. Generally, the onset date alleged by the claimant should be used if it is consistent with all available evidence. Here, the evidence available to the Commissioner on August 8, 2007 was also available to her the day before, and no catastrophic event or medically evidenced change in Plaintiff's functional capacity occurred between August 7 and August 8. The Court acknowledges the rather convoluted procedural history involved in this case and the fact that two applications

were pending simultaneously. However, this does not excuse the Commissioner's inherently flawed determination that Plaintiff was "not disabled" on August 7, but "disabled from work" on August 8 based on the same severe impairments and the same medical evidence of record. On remand, the Commissioner is instructed to resolve the errors discussed herein.

## CONCLUSION

WHEREFORE, for the foregoing reasons, it is ORDERED that the case is REMANDED to the Social Security Commissioner for proceedings consistent with this opinion.

SO ORDERED, this 29th day of December, 2014.

/s/ Stephen Hyles
UNTED STATES MAGISTRATE JUDGE